# IN THE SUPREME COURT OF THE STATE OF NEVADA

ANN L. GRALNICK,
Appellant,
vs.
SUSAN ROWE-GRALNICK,
PERSONAL REPRESENTATIVE FOR
THE ESTATE OF ALAN S. GRALNICK,
Respondent.

No. 71683

**FILED**

JUL 2 6 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
    DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a post-divorce decree order concerning distribution of life insurance proceeds following remand from this court. Eighth Judicial District Court, Family Court Division, Clark County; T. Arthur Ritchie, Jr., Judge.

Appellant Ann Gralnick and her former husband Alan Gralnick created the Gralnick Family Living Trust (Family Trust) during their marriage, which designated Ann and Alan as beneficiaries and cotrustees of the trust. One year after creating the Family Trust, Alan procured a life insurance policy designating the trust as the beneficiary. Thereafter, Ann and Alan divorced and under the divorce decree, Alan was required to pay alimony of $6,500 monthly for 84 months and maintain a life insurance policy for any outstanding alimony obligation. Instead of obtaining a new life insurance policy, Alan maintained the preexisting insurance policy.

Alan remarried respondent Susan Rowe-Gralnick and he passed away in 2011. Upon his death, Alan's outstanding alimony obligation was $235,000, but his life insurance policy had a face value of $466,000. Susan, as the personal representative of Alan's estate, and Ann each claimed entitlement to the life insurance proceeds in excess of Alan's

18-28851

outstanding alimony obligation. The district court awarded the excess insurance proceeds to Alan's estate. Ann has since appealed the district court's award twice before this court; both appeals resulted in reversal and remand. Ann now appeals, for the third time, the district court's most recent order awarding the excess proceeds to Alan's estate.

On appeal, Ann argues that she is entitled to the excess proceeds because (1) she is the trustee and beneficiary of the Family Trust, and (2) the district court was required to distribute the excess proceeds pursuant to Article 5, as opposed to Article 3, of the Family Trust. Susan counters that this court previously concluded in *Gralnick v. Rowe-Gralnick* (*Gralnick II*), Docket No. 67928 (Order of Reversal and Remand, May 12, 2016), that Ann is not entitled to the excess proceeds, and thus, the law-of-the-case doctrine precludes Ann from rearguing any entitlement to the excess proceeds in this appeal. We agree with Susan.

"The law-of-the-case doctrine refers to a family of rules embodying the general concept that a court involved in later phases of a lawsuit should not re-open questions decided (i.e., established as law of the case) by that court or a higher one in earlier phases." *Recontrust Co. v. Zhang*, 130 Nev. 1, 7-8, 317 P.3d 814, 818 (2014) (internal quotation marks omitted). This court reviews the applicability of the law-of-the-case doctrine de novo. *Estate of Adams v. Fallini*, 132 Nev., Adv. Op. 81, 386 P.3d 621, 624 (2016).

In *Gralnick II*, this court remanded the matter to the district court with instructions that "the remaining proceeds must be distributed in accordance with the Family Trust's distribution provisions." Docket No. 67928 at 3. Furthermore, this court specifically provided that "[g]enerally, after divorce, trust provisions take effect as if the spouse had predeceased

the settlor of the trust, and thus, *Ann is not entitled to the remaining proceeds." Id.* (emphasis added).

In light of the above language, we conclude that this court in *Gralnick II* unambiguously provided that, under the Family Trust's distribution provisions, Ann is not entitled to the excess life insurance proceeds. We further conclude that the district court, in turn, complied with this court's mandate on remand by examining the distribution provisions of the Family Trust before awarding the excess proceeds accordingly to Alan's estate. As such, we decline to revisit this matter under the law-of-the-case doctrine, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. T. Arthur Ritchie, Jr., District Judge, Family Court Division
       Moran Brandon Bendavid Moran
       The Abrams & Mayo Law Firm
       Eighth District Court Clerk

